# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT TAMPA FLORIDA

**CARLOS RAMOS**
    **Plaintiff,**

v.                      CASE No.

**ATLANTIC COAST ENTERPRISES, LLC
dba/ ACE JIFFY LUBE CENTERS, LLC
Defendant,**
_____/

## PRELIMINARY STATEMENT

1. Carlos Ramos (Plaintiff), brings this action against Atlantic Coast Enterprise, LLC (ACE Jiffy Lube (ACE) for its violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.

2. Upon information and belief, Defendant violated the TCPA when it sent two (2) text messages to the Plaintiff's cellular phone number. The Plaintiff came across one of the Defendant's promotional webpages offering a coupon that the Plaintiff was interested in and sent a one-time request to receive this promotional text message coupon.

1



3. Defendant, without Plaintiff's prior express written consent, sent not one, but two (2) text messages with promotional coupons to Plaintiff's cellular phone number, using what Plaintiff in good faith believes was an Automated Telephone Dialing System (ATDS) equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or from a list of numbers (predictive dialer) dialing the numbers without significant human interference. Both texts messages were received within one-minute of Plaintiff's request which clearly shows that both messages were sent automatically from (2) different telephone numbers without any human interference. The second unsolicited text message created harm to Plaintiff when it violated Plaintiff's privacy, diminished the battery life of Plaintiff's cellular phone, additionally it occupied space of the limited storage capacity of Plaintiff's cellular phone.

4. In *Larson v. Harman Mgmt. Corp., No. 16-0219, 2016 U.S. Dist. LEXIS 149267 (E.D. Cal. Oct. 27, 2016)*, the FCC reasoned that this type of responsive text is not "telemarketing," but rather "fulfillment of the consumer's request to receive the text," and that a call-to-action text does not run afoul of the TCPA so long as it "(1) is requested by the consumer; (2) is a **one-time only** message sent immediately in response to a specific consumer request; and (3) contains only the information requested by the consumer with

no other marketing or advertising information." *In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015-16 (2015) ("*July 2015 Order*").

5. The same Larson court further mentioned that the FCC announced that "*if the business sends more than a **single text** as a response to the consumer, however, our rules require prior express written consent with the specified disclosures*".

6. Plaintiff asserts that he has never given his written consent to the Defendant to receive any type of advertising nor that there was any of the mandated disclosures or any OPT-OUT options in the two advertising text messages sent to his cellular phone number.

7. Plaintiff asserts that he only clicked one-time on Defendant's website requesting one-single text with one promotional coupon.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction under 47 U.S.C. § 227 (b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

9. Venue is proper before this court under 28 U.S.C. § 1391(b) because both advertising text messages violation were received within this district.

## **PARTIES**

10. Plaintiff is a natural person who at all relevant times to this action was and is a Florida resident.

11. Defendant is a corporation with its headquarters located at 12 High Street, Norwalk, CT 06851 and conducts business nationwide.

## **FACTUAL ALLEGATIONS**

12. Plaintiff states that on or around July 16, 2018, he came across one of the Defendant's promotional webpages and requested a one-time discount coupon offering a (20%) discount for an oil change.

13. Within one-minute Plaintiff received one promotional text with a discount code.

14. A second advertising text message was received by the Plaintiff (30 to 45) seconds after the first promotional text message arrived to the Plaintiff's cellular telephone number

15. Plaintiff alleges that this second unsolicited promotional text message invaded Plaintiff's privacy and the Plaintiff worried that this would become an ongoing avalanche of promotional text SPAM that would become an inconvenience and an unwelcomed invasion of his privacy.

16. The second unsolicited text message also diminished the cellular phone's battery life, occupied and wasted Plaintiff's cellular phone limited storage capacity; additionally, it also cost the Plaintiff money from his pre-paid service plan.

17. The second text message was sent without Plaintiff's prior express written consent nor for any emergency purpose.



18. Both promotional text messages were transmitted from two different telephone numbers, one text message sent by a telephone number ending in (0012) and the other telephone number ending in (7493).

19. Plaintiff cellular number has been registered in the FTC's and Florida State's *"do-not-call"* registry for more than (31) days.

## COUNT ONE

20. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph (1) through (18).

5

21. Defendant violated the TCPA 47 U.S.C. § 227 *et seq* and the FCC's rules and order as they appear: *In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015-16 (2015) ("*July 2015 Order*"), when it sent not **_one_** but **_two_** "*call-to-action*" promotional text messages per Plaintiff's request.

22. Defendant is legally allowed to send a *single one-time text message* fulfilling Plaintiff's request for information, the second promotional text message was sent without the Plaintiff's prior express written consent in violation of the TCPA.

## COUNT TWO

23. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph (1) through (18).

24. Defendant violated the TCPA when it sent not one (1) but two (2) unlawful and unsolicited promotional text messages to a cellular phone number that has been registered with the FTC's "*Do-Not-Call*" registry since August 08, 2003. Both text messages where sent within a twelve (12) month period.



25. Plaintiff demands a trial by jury

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for relief as follows:

- Plaintiff humbly prays that the court awards the minimum statutory *relief of* 500.00 per each TCPA violation of the defendant's actions and *violations as* described above for sending an unsolicited and unlawful second text message as previously alleged.. See:" *In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015-16 (2015) ("*July 2015 Order*").

- Dialing Plaintiff's cellular number, a number that has been registered in the FTC's "Do-Not-Call" registry since August 08, 2003, additionally the

cellular number is also registered in the Florida State's "Do-Not-Call" registry without Plaintiff's prior express written consent and awards the statutory minimum of 500.00 for said violation.

- Any other relief that this court finds just and proper.

Respectfully Submitted,

*[signature]*

Carlos R Ramos
6168 Layton Ave
Spring Hill, FL 34608
charlie.ramos@gmail.com